32 F.3d 563
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mary Ann E. LEWELLYN; Thomas L. Lewellyn, Defendants-Appellants.
 No. 93-6687.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1994.
Decided Aug. 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CR-90-111-N, CA-93-172-2).
 John Edward Grzybek, St. Paul, MN, for appellants.
 Harvey Bryant, III, Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mary Ann Lewellyn and Thomas L. Lewellyn were found guilty of one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. Sec. 371 (1988), 18 U.S.C.A. Sec. 1341 (West Supp.1993). The Lewellyns each were indicted on six additional counts, which were dismissed in exchange for their separate pleas of guilty to the conspiracy count. Thomas Lewellyn was sentenced to thirty months imprisonment and three years supervised release; Mary Ann Lewellyn was sentenced to thirty-seven months imprisonment and three years supervised release. Previous attempts to set aside their guilty pleas and their sentences have been denied by the district court, and affirmed by this Court. United States v. Lewellyn, No. 93-6187(L) (4th Cir. Oct. 20, 1993) (unpublished); United States v. Lewellyn, No. 91-5530(L) (4th Cir. Jan. 24, 1992) (unpublished).
 
 
 2
 Presently before the Court is the Lewellyns' motion pursuant to 28 U.S.C. Sec. 2255 (1988), seeking to set aside their convictions and sentences. They brought a previous post-conviction motion seeking dismissal of the indictment and their conviction.[1] This Court affirmed the district court's denial of that motion. United States v. Lewellyn, No.93-6187(L) (4th Cir. Oct. 20, 1993) (unpublished). We find that some of the grounds for relief raised by the Lewellyns in their Sec. 2255 motion presently before this Court were raised in the previous postconviction motion, considered, and denied on the merits by both the district court, and this Court on appeal.[2] Accordingly, we find that these claims are successive, and were properly dismissed by the district court on that ground. Sanders v. United States, 373 U.S. 1, 18 (1963); Miller v. Bordenkircher, 764 F.2d 245, 248 (4th Cir.1985).
 
 
 3
 The Lewellyns' remaining claims could have been raised in their previous Sec. 2255 motion, but were not.[3] There is no cause or prejudice for failing to previously raise these issues apparent in the record. Consequently, we find that the Lewellyns' attempt to raise these issues in this, their second Sec. 2255 motion, is an abuse of the writ. McCleskey v. Zant, 499 U.S. 467 (1991). Finally, we find that the district court did not err in its conclusion that the claims raised by the Lewellyns had no merit.
 
 
 4
 Accordingly, we affirm the district court's denial of relief pursuant to Sec. 2255. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Although this petition was styled simply as "Motion," it could not properly have been construed as a motion under Fed.R.Crim.P. 33, 34, or 35. Consequently, construction of the motion as one under Sec. 2255 was proper. See United States v. Pavlico, 961 F.2d 440, 443 (4th Cir.), cert. denied, 61 U.S.L.W. 3259 (U.S.1992)
 
 
 [2]
 Specifically, the Lewellyns raised claims asserting lack of jurisdiction and insufficiency of the indictment in both petitions
 
 
 [3]
 The claims related to invalidity of the Lewellyns' guilty pleas due to ineffectiveness of counsel, prosecutorial misconduct for failure to disclose exculpatory material, failure of the district court to make factual findings on the Lewellyns' objections to their Presentence Investigation Report, and errors in sentencing under United States Sentencing Commission, Guidelines Manual, Sec. 2F1.1(b)(1) (Nov.1992)