**UNITED STATES of America,**

v.

**Ibrahima SARR, Defendant.**

**Criminal No. 2:06cr56.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 7, 2010.

Stephen Westley Haynie, United States Attorney's Office, Norfolk, VA, for United States of America.

## MEMORANDUM OPINION

REBECCA BEACH SMITH, District Judge.

On December 22, 2009, the United States filed a Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b), ("Notice"), to which the defendant objected ("Objection"). In order to expedite the issues which will need to be resolved at trial, the court will rule on the Objection now. In light of the United States' proffer, the court **FINDS** that the United States' evidence is admissible under Federal Rule of Evidence 404(b), and **OVERRULES** the Objection.

Federal Rule of Evidence 404(b) refers to the admissibility of evidence of a defendant's actions, which occurred either prior to or subsequent to the actions charged in the indictment. *United States v. Mohr*, 318 F.3d 613, 614 (4th Cir.2003). It states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Fed.R.Evid. 404(b). The decision whether to admit such evidence is committed to the district court's discretion, and will be upheld on appeal unless the decision was "arbitrary or irrational." *Mohr*, 318 F.3d at 618. However, the Fourth Circuit has identified four factors that the court must consider when ruling on an objection to such evidence: 1) the evidence must be relevant to an issue other than the defendant's character; 2) the act must be neces-

sary to prove an essential claim or element of the charged offenses; 3) the evidence must be reliable; and 4) with reference to Federal Rule of Evidence 403, the evidence's probative value must not be substantially outweighed by the danger of unfair prejudice. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir.1997). The court will examine each factor, in turn, below.

First, the court finds that the proffered evidence is relevant to this case. The defendant is charged with numerous offenses in a twelve-count indictment, including bank fraud, conspiracy to use and traffic counterfeit devices, and identity theft, all in violation of various sections of the United States Code. (*See* Docket # 153.) In sum, the indictment alleges that from on or about September 2005, until on or about March 8, 2006, the defendant and others conspired to, and did, fraudulently obtain various individuals' credit card information and use that stolen information to manufacture counterfeit credit cards, which the co-conspirators could use to buy products and services. (*Id.*) In the Notice, the United States proffers that on May 16, 2009, the defendant was arrested in New York, New York, and the New York Police Department (NYPD) found in his possession a Visa Debit Card with an account number ending in 4421. (Notice at 1.) While the account was in the name of Babacar Sarr, purportedly the defendant's brother, and the card had been issued to Babacar Sarr on June 9, 2007, the magnetic strip on the back of the debit card was tracked to an American Express credit card account issued to an individual in Great Britain. (*Id.* at 1–2.) That card was allegedly used just eight days prior to the defendant's arrest, and someone unsuccessfully attempted to use the card on several other occasions prior to the defendant's arrest. (Notice at 2.)

The similarities between the charged offenses and the proffered evidence are clear. The defendant was in possession of an apparently counterfeited credit card, which had been used to buy products and services. Possession and use of counterfeited credit cards are the very type of acts alleged in the indictment against the defendant, making the proffered evidence relevant to the case at bar. *See Queen*, 132 F.3d at 997 ("In this regard, the more similar the act is ... to the act being proved, the more relevant it becomes.").[1] Further, the degree of similarity between the indicted acts and the proffered acts renders the passage of time between them less consequential. *See Hadaway*, 681 F.2d at 218 ("The impact of the time differential is within the district court's discretion.")

Second, in terms of necessity, "evidence is necessary where, considered in the 'light of other evidence available to the government,' it is an 'essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" *Queen*, 132 F.3d at 998 (quoting, *United States v. DiZenzo*, 500 F.2d 263, 266 (4th Cir.1974) and *United States v. Mark*, 943 F.2d 444, 448 (4th Cir.1991)). While the United States does

---

1. The Fourth Circuit has clearly approved of admitting this type of evidence by observing that "subsequent conduct may be highly probative of prior intent. That one has thought in a particular illegal way over a period of time is evidence that one's thought patterns had already been so developed and were so operating on another previous occasion." *United States v. Hadaway*, 681 F.2d 214, 217 (4th Cir.1982). "When the extrinsic act evidence bears such a close resemblance to the charged offense, the relevance of the evidence derives from the defendant's having possessed the same state of mind in the commission of both the extrinsic act and the charged offense." *United States v. Cardenas*, 32 F.3d 563 (Table) *6 (4th Cir.1994).

not explicitly discuss the purpose for which the proposed evidence would be offered, it appears from the Notice that the evidence would be offered to establish the defendant's alleged criminal intent. Intent is an element of more than one of the charged offenses, making the proffered evidence necessary. *See Queen*, 132 F.3d at 998 (holding that where intent is an essential element of a charged offense, evidence of similar acts may be admitted under 404(b)).

Moreover, while there may be other evidence of intent which the United States may offer, the United States may still offer 404(b) evidence to bolster its proof. *See Queen*, 132 F.3d at 997 ("the government, which has the burden of proving every element of the crime charged, must have the freedom to decide how to discharge that burden. It could well have believed that prior-act evidence was necessary … to bolster its proof of intent.") Considering that the defendant disputes the criminal intent element of the charged offenses, the United States should be allowed to present this evidence to the extent that it is not unfairly prejudicial. *See United States v. Mark*, 943 F.2d 444, 448 (4th Cir.1991) ("As noted by the government, a defendant's knowledge and intent are clearly elements which the prosecution must establish to prove a conspiracy … Thus, [the defendant] has clearly placed these elements directly in issue by his plea of not guilty.")

Third, it appears that the proffered evidence is reliable. The United States' proposed witnesses on this issue are a NYPD Officer and records custodians from TD Bank (formerly Commerce Bank) and American Express. (Notice at 4.) The court finds no evidence that these witnesses would be unreliable, though the defendant may certainly cross-examine these witnesses at trial.[2]

■ Fourth, the court finds that any prejudice caused by the proffered 404(b) evidence will not be unfair, but would be the consequence of the "legitimate probative force of the evidence." *Mohr*, 318 F.3d at 619. Accordingly, the court finds

> no suggestion that the [evidence] would invoke emotion in place of reason as a decisionmaking mechanism. Moreover, there is no evidence that the [evidence will tend] to cause any confusion with respect to the charges actually lodged against [the defendant].

*Queen*, 132 F.3d at 998; *see also Mohr*, 318 F.3d at 618(holding that Rule 403 only requires exclusion where the court finds that "there is a genuine risk that the emotions of the jury will be excited to irrational behavior"). Again, the defendant may object prior to the witnesses' testimony if there is further proof that the evidence is unfairly prejudicial; however, the court cannot conclude that such is the case now.[3]

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion to the Assistant United States Attorney and counsel for the defendant.

**IT IS SO ORDERED.**

2. Further, the defendant may renew his objection prior to the witnesses' testimony so that further inquiry into the witnesses' reliability may be conducted.

3. Moreover, counsel may propose, and the court will issue, a limiting instruction, instructing the jury to consider the proposed 404(b) evidence *only* for the purpose of determining the defendant's intent, or absence of mistake or accident, as to the charged conduct, *not his character*. *See Hadaway*, 681 F.2d at 219 (holding that a court's limiting instruction dissipated the risk of any unfair prejudice); *Queen*, 132 F.3d at 997 (same).